**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-60437-CV-MIDDLEBROOKS

OSWALDO F. QUERALES
CASTILLO,

Plaintiff,

v.

JOSEPH B. EDLOW et al.,

Defendants.

_________________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Stay in the Alternative (DE 12) and Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss (DE 16). The Motions are fully briefed. (DE 14, DE 15, DE 18, DE 19). For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and, as a Motion to Stay in the alternative, denied in part; Defendants' Motion to Stay (DE 16) is denied as moot.

## I. BACKGROUND

Plaintiff Oswaldo F. Querales Castillo is a Venezuelan national married to a United States Citizen, Juan Alberto Pineda. Pineda filed an I-130 family petition with the U.S. Citizenship and Immigration Service on July 14, 2022, and on February 15, 2024, Plaintiff filed a I-485 application to adjust his immigration status. Plaintiff and his spouse appeared for their adjustment interview with USCIS on September 3, 2025. USCIS has not adjudicated the Application since that interview.

Plaintiff filed this Petition for Writ of Mandamus under 28 U.S.C. § 1361 seeking adjudication of his application for adjustment of status. (DE 1 at 3). Defendant officials for the Department of Homeland Security and USCIS move to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction because USCIS's decisions pending adjudication of Form I-485 applications are discretionary acts. Defendants further move to dismiss under Rule 12(b)(1), because a writ of mandamus cannot be issued where Defendants do not have a clear duty to act and therefore Plaintiff lacks standing without an adequate remedy at law. Additionally, Defendants argue that the proceedings should be stayed given important national security concerns implicated in Policy Memorandum 602-0192 and 602-0194. These Memos placed a hold on all pending benefit requests, which included the adjudication of Form I-485 applications, from non-citizens from countries listed in two Presidential Proclamations, 10949 and 10998.[1] Venezuela was included in both Proclamations.[2]

In opposition, Plaintiff argues that he "has a clear right to adjudication of his application within a reasonable time" because 8 U.S.C. § 1571 provides that immigration benefit applications "should be completed not later than 180 days after the initial filing[.]" (DE 14 at 3).

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction and may take the form of either a facial or factual attack. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). A facial attack asserts that the complaint fails to allege a sufficient basis

---

[1] U.S. Citizenship and Immigration Services, Policy Mem. 602-0192; U.S. Citizenship and Immigration Services, Policy Mem. 602-0194.

[2] Presidential Proclamations, *Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats* (June 4, 2025); Presidential Proclamations, *Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States* (Dec. 16, 2025).

for jurisdiction, and in evaluating such a challenge, the Court must accept the allegations in the complaint as true. *Id.* A factual attack, by contrast, contests the actual existence of jurisdiction irrespective of the pleadings, and the Court may consider matters outside the complaint. *Id.* Here, Defendant launches a factual attack under Rule 12(b)(1) that this court does not have jurisdiction due to 8 U.S.C. § 1252(a)(2)(B), or because Plaintiff's claims are committed to agency discretion and therefore Plaintiff lacks an adequate legal remedy. *See Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1213–14 (M.D. Fla. 2007).

Writs of Mandamus are an extraordinary remedy only appropriate where "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Serrano v. U.S. Atty. Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011). Such a remedy can only be provided where "defendant owes [plaintiff] a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." *Id.*

## III. DISCUSSION

Because this Court does not have jurisdiction over "challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications," Plaintiff's Complaint is dismissed. *See Kanapuram v. Dir. U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1307 (11th Cir. 2025).

Defendants maintain that this Court lacks jurisdiction due to 8 U.S.C. § 1252(a)(2)(B). In relevant part, that statute states as follows:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgement, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> i. any judgement regarding the granting of relief under section … 1255 of this title, or

> ii. any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…

Section 1255(a) provides that "[t]he status of an alien who was inspected and admitted or paroled into the United States … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." As such, § 1252 contemplates that judgments related to adjustments to status under § 1255 (which is what petitioner is challenging here) are not reviewable. And, in subparagraph (ii), the statute similarly, and more broadly, strips the court of jurisdiction to review "*any other decision*" that is designated as discretionary. 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). "In other words, § 1255(a) gives the Department of Homeland Security and USCIS broad discretion to determine and implement the adjudicative process for Form I-485 applications, within the bounds set by statute." *Kanapuram*, 131 F.4th at 1307. Taken together, § 1252 and § 1255 "preclude[] jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Id.* at 1306.

Moreover, I note that the exception set forth in subparagraph (D) allows for judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals[.]" *Id.* at § 1252(a)(2)(D). "[T]his provision applies only to petitions for review—a mechanism for appealing an agency order directly to a circuit court—and not to suits filed in district court to compel agency action[.]" This language is inapplicable here. *Kanapuram*, 131 F.4th at 1309. Therefore, I am without jurisdiction to consider Plaintiff's petition.

Plaintiff does not address § 1252 directly but argues that his request falls outside the scope of USCIS's discretion for several reasons, but each fails. Plaintiff attempts to distinguish this case from *Kanapuram*, which specifically held that the court had no jurisdiction to consider the

challenge of plaintiffs whose visa applications were held up by virtue of USCIS's policy of visa retrogression, which operates to "delay the grant of Form I-485 applications when the Department of State indicates that annual visa limits have been reached[.]" *Kanapuram*, 131 F.4th at 1307. Plaintiffs sued USCIS for "unlawfully withholding and unreasonably delaying agency action in refusing to adjudicate their applications and issue them immigrant visa numbers," and asked the court to "declare the retrogression policy unlawful[.]" *Id.* at 1305. The court rejected these arguments and held that the USCIS's decisions remained discretionary because "§ 1255(a) gives the Department of Homeland Security and USCIS broad discretion to determine and implement the adjudicative process for Form I-485 applications, within the bounds set by statute." *Id.* at 1307. The court determined that the visa retrogression policy falls within the scope of that broad discretion. *Id.* at 1308. Accordingly, although *all* legal challenges may not be barred pursuant to § 1252(a)(2)(B)(ii), plaintiffs' claims were barred "because 8 U.S.C. § 1255(a) grants the DHS and USCIS discretion as to the process and resolution of adjustment of status applications." *Id.* at 1309.

Here, Plaintiff claims that since immediate relatives are exempt from numerical visa limitations, "all statutory prerequisites for immediate processing have been satisfied[.]" (DE 14 at 2). Therefore, Plaintiff's adjustment of status as a spouse is nondiscretionary and hence exempt from § 1252(a)(2)(B)(ii)'s jurisdictional bar. *See* 8 U.S.C. § 1151(b)(2)(A)(i). But even where USCIS has all the information it needs to adjudicate an application, it still has discretion as to "whether *and* how to adjust" Plaintiff's status. *See Kanapuram*, 131 F.4th at 1307 (quoting *Geda v. Dir. U.S. Citizenship & Immigr. Servs.*, 126 F.4th 835 (3d Cir. 2025); *see also* 8 U.S.C. § 1255(a) ("[T]he status of an alien . . . *may* be adjusted by the Attorney General, *in his discretion*[.] (emphasis added)). Plaintiff's argument seems to suggest that the numerical limitations exemption somehow means that spouses of citizens should *immediately* qualify for determination of their I-485

petitions, and therefore USCIS has *no discretion* to delay adjudication for any length of time. (*See* DE 14 at 2). This line of reasoning is impractical and defies common sense.

Similarly, Plaintiff is not entitled to adjudication within any certain amount of time. Plaintiff argues that he has a "clear right" to timely adjudication under 8 U.S.C. § 1571, which states that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," and therefore Defendants have a "clear, nondiscretionary duty to act." (DE 14 at 3); *see also Serrano*, 655 F.3d at 1263 (explaining when mandamus is appropriate). But "should" is "permissive, rather than mandatory, language." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1196 (11th Cir. 2008); *see also Lorente v. U.S. Citizenship & Immigr. Servs.*, No. 25-CV-25646, 2026 WL 1396116 (S.D. Fla. May 19, 2026). "Courts in this Circuit are clear that the pace of adjudication is discretionary, and courts are without jurisdiction to hear claims arising from a delay in adjudication." *Lorente*, 2026 WL 1396116, at *8 (collecting cases).

Admittedly, courts may retain jurisdiction when plaintiffs allege an *indefinite* pause on adjudications of their own, or all, status adjustment applications. *Lorente*, 2026 WL 1396116, at *6 (collecting cases) ("[T]o the extent Plaintiff alleges in Count I that agency action has literally refused to act … the Court finds that it possesses jurisdiction to review the matter."); *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026). Arguably that is what the Policy Memos at issue did in Petitioner's case. But since this case was filed, the USCIS withdrew the Policy Memos Defendants cited which previously withheld adjudication of all pending benefit applications.[3] More importantly, Plaintiff only challenged

[3] *See* U.S. Citizenship and Immigration Services, Court Order on Hold Policies (June 12, 2026); U.S. Citizenship and Immigration Services, Recent Court Order on Hold Policies (August 28, 2026).

"Defendants' unreasonable delay in adjudicating an application," and did not present a "collateral action[] challenging [USCIS's] general policies and procedures." *Dorcas Int'l Institute of R.I.*, 834 F. Supp. 3d at 276 (citing *Nakka v. U.S. Citizenship & Immigr. Servs.*, 111 F.4th 995, 1009 (9th Cir. 2024)).

Although *Kanapuram* applied to claims brought under the APA, and Plaintiff brings his claim under the Mandamus Act, I cannot find that Defendants have a clear duty to act where the decision is left to the discretion of USCIS. *See Heckler*, 466 U.S. at 616. Accordingly, the Court is without jurisdiction to address Defendants' "failure to make a determination on [Plaintiff's] application for adjustment of status within a reasonable period of time," (DE 1 at 3), and Defendants' Motion to Dismiss is granted. Since any amendment would not cure this jurisdictional defect, Plaintiff's Complaint is dismissed with prejudice.

## IV. CONCLUSION

For these reasons it is hereby **ORDERED** that:

1) Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Stay in the Alternative (DE 12) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. The motion is granted insofar as it sought dismissal of the complaint, but the request to stay is moot.

2) Plaintiff's Complaint (DE 1) is **DISMISSED WITH PREJUDICE.**

3) The Clerk of Court shall **CLOSE THIS CASE**.

4) All pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 4 day of November, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record